GEORGE V. JORDAN *versus* JEREMIAH MCKENNEY, *Appellant.*

A recognizance conditioned "to pay all *intervening damages* and costs" entered into to prosecute an appeal to this Court, from a judgment of a justice of the peace, in an action of trover, is unauthorized and void, and furnishes no security to the adverse party for costs; and the Court, on motion, will dismiss the appeal.

ACTION OF TROVER, commenced before a justice of the peace, who, on Feb. 20, 1853, rendered judgment for plaintiff; from which defendant appealed, and entered into a recognizance to prosecute his appeal, "and pay all intervening damages and costs."

The defendant entered his appeal at the next term of this Court in this county, and the action was continued from term to term until April term, 1857, when the plaintiff moved that the appeal be dismissed, because the defendant had not legally recognized. But, on the refusal of GOODENOW, J., to dismiss the appeal, the case was submitted to a jury, who returned their verdict for the appellant. The plaintiff thereupon excepted to the denial of his motion, and to other rulings during the trial.

The questions presented by the bill of exceptions, were argued by—

*Goodwin & Fales,* in support of the exceptions, and by

*Wiggin, contra.*

The opinion of the Court was drawn up by

DAVIS, J.—The condition of the recognizance required in case of an appeal from the judgment of a justice of the peace, was, by the statute of 1821, to pay all intervening damages and costs; by the statute of 1841, to pay the *costs* only.

The recognizance in this case, was taken under the statute of 1841; and the condition was "to pay all intervening damages and costs." This, not being such a recognizance as the statute required, was void. The magistrate had no right to require it; as it was void, it furnished no security to the ad-

verse party; and the appeal was improperly allowed. *French v. Snell*, 37 Maine, 100. The exceptions are sustained; the verdict must be set aside, and the appeal dismissed.

TENNEY, C. J., HATHAWAY, CUTTING, and MAY, J. J., concurred.